### Conrad Enders v. Allen Hitch.

1. PRACTICE—*Where Errors Will Not Justify Reversal.*—Where subsequent proceedings in the trial show that a party is not prejudiced by an error of the trial court, or it is not argued in the trial court on a motion for a new trial, it will not reverse the judgment.

**Assumpsit,** upon a promissory note. Appeal from the County Court of McDonough County; the Hon. WILLIAM J. FRANKLIN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

Enders v. Hitch.

C. A. WARNER and PONTIOUS & PONTIOUS, attorneys for appellant.

SHERMAN, TUNNICLIFF & GUMBART, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a suit brought by Allen Hitch against Conrad Enders, before a justice of the peace of McDonough county, on the 3d day of September, A. D. 1901, upon a promissory note of which the following is a copy :

"$60.                    BLANDINSVILLE, ILL., Sept. 8, 1900.

Six months after date, for value received, I promise to pay to Allen Hitch or order, sixty dollars ($60) at Blandinsville, Ills.   To bear interest at 7 per cent per annum from maturity, and further hereby agree that if this note is not paid when due, to pay all costs necessary for collection, including 10 per cent for attorneys' fees.

(Signed)   CONRAD ENDERS."

The plaintiff recovered in a trial by jury before the justice, the full amount of the principal, interest and attorneys' fees specified in the note.   The defendant then took the case to the County Court, where it was again tried by jury and resulted in a verdict and judgment in favor of the plaintiff for $60.   The defendant moved in the County Court for a new trial, which, being overruled, he excepted, brings the case to this court by appeal, and to effect a reversal of the latter judgment, alleges and urges that the County Court erred in refusing to allow him the opening and closing on the trial, in giving plaintiff's first, fourth, fifth, sixth and seventh instructions, in not marking the instructions given " Given " and the instructions refused "Refused," as the law directs, and that the verdict is not supported by the law and the evidence.

The record shows that when the case was ready to be tried in the County Court, the defendant there (the appellant here) stated to the court that he admitted that he had executed the note sued on and delivered it to the plaintiff (the appellee here), and that the defense would be " breach of warranty and failure of consideration," and moved the court to allow him the opening and closing on the trial;

and that the court overruled the motion and the defendant excepted; that thereupon the plaintiff offered the note sued on in evidence and rested; that the defendant then offered his evidence in chief and rested, and the plaintiff offered his rebutting evidence and rested, and the defendant was recalled and testified further and rested; after which the plaintiff's attorney made the opening argument to the jury, and that when he had finished, counsel for the defendant announced that they did not care to argue the case, and no further argument was made; that there were eight instructions presented to the court by the plaintiff and eight by the defendant, each of which the court read to the jury and they all appear at length in the bill of exceptions, but do not there appear to have been marked " Given " nor " Refused."

The evidence shows that the note was given by the appellant to the appellee in payment of a certain mare which the appellant had purchased from him for $60; that before the appellant bought the mare for that price, the appellee told him the mare had run away and scratched her hind legs and that appellee had tried to sell her to some horse buyers and could not, but that he thought she would be all right when the scratches had healed up; that the appellant discovered the mare had " string-halt " in her left leg, and the appellant claimed, and so swore on the trial, that the appellee said that he would warrant that she did not have " string-halt," which appellee denied, and claimed he only said he believed she did not have it and that she would get well of the scratches inflicted when she ran away; that appellee denied in toto making any warrant whatever, while the appellant claimed he did. Both were corroborated by other witnesses, and two juries believed appellee's version of the matter as did also the trial judge, and the evidence does not convince us that they made a mistake.

Under the admission made by appellant just before the trial began, that he had executed and delivered the note sued on, the court should have allowed his motion (request)

to open and close the case; but inasmuch as the subsequent proceedings in the trial show that the appellant was not prejudiced, and it was not argued in the trial court on the motion for a new trial, he will not for the first time be heard to complain of that in this court.

The failure of the court to mark the instructions which were read to the jury " Given," while erroneous, worked no prejudice, for the reason that the jury evidently considered them as fully as if they had been so marked, and a careful reading and consideration of them shows that each of them were proper and should have been given.

Believing as we do, that the result reached in the County Court is proper under the facts shown by the evidence, and that justice to both parties has been meted out by the judgment, it should and will be affirmed.